■ In the Matter of WA-WA-YANDA, INC., Appellant, v. ARTHUR G. DICKERSON, as Building Inspector of the Town of Islip, Respondent.—In a proceeding pursuant to article 78 of the Civil Practice Act, to direct respondent, the Building Inspector of the Town of Islip, to issue a permit for the installation and maintenance of gasoline tanks and pumps on property on Captree Island, Suffolk County, leased by petitioner from the town, petitioner appeals from an order of the Supreme Court, Suffolk County, dated April 27, 1961, granting respondent's motion to dismiss the petition on the ground: (1) that it appears on the face of the petition that petitioner has not exhausted its administrative remedies by applying to the local Zoning Board of Appeals for a variance of the provisions of the zoning ordinance before commencing this proceeding; and (2) that the proceeding, therefore, is premature. Petitioner asserts that the zoning ordinance is confiscatory and has deprived it of its property without due process of law, in violation of the Federal and State Constitutions. Order reversed on the law, with costs, and motion to dismiss the petition denied, with $10 costs, with leave to respondent to serve an answer to the petition within 20 days after entry of the order hereon, if so advised. It does not appear on the face of the petition that petitioner can obtain relief from the zoning restrictions by means of any variance or special exception which the Board of Appeals has power to grant; and the facts disclosed by the record indicate that such relief is not available. The question of petitioner's right to such relief may be better determined after the joinder of issue and after a hearing, if there shall be any issue of fact to be decided (cf. *Gardner* v. *Le Boeuf*, 8 A D 2d 736). Since the motion to dismiss was made on the sole ground that it appears on the face of the petition that petitioner has not exhausted its administrative remedies, we pass on no other question. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.